```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LIEBEL HOLDINGS III, LLC,

       Plaintiff,

v.                                    Case No. 8:09-cv-1467-T-33TBM

CONVEXITY RACING, LLC and
DONALD R. WILSON, JR.,

       Defendants.
_____

CONVEXITY RACING, LLC and
DONALD R. WILSON, JR.,

       Counter-claimants,

v.

LIEBEL HOLDINGS III, LLC and
STEVEN E. LIEBEL,

       Counter-defendant
       and Cross-defendant.
_____/

**<u>ORDER</u>**

    This cause comes before the Court on Steven E. Liebel ("Liebel") and Liebel Holdings III, LLC's ("LH III") Motion to Dismiss Counterclaim.[1] (Doc. # 53). Convexity Racing, LLC ("Convexity") and Donald R. Wilson, Jr. ("Wilson") oppose the

---

[1] In the instant motion, Liebel moves to dismiss Convexity and Wilson's claim against him for breach of the implied warranty of seaworthiness (Count I), and both Liebel and LH III move to dismiss the bailment claim (Count IV). The parties have subsequently filed a Stipulation to Voluntary Dismissal as to Liebel of Counts I and IV of Counterclaim (Doc. # 59). Accordingly, the Court will only address the Motion to Dismiss as to LH III as to Count IV.

motion. (Doc. # 56).

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See

2

Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Convexity and Wilson allege the following (Doc. # 45): On May 20, 2008, Convexity entered into a Yacht Charter Party Agreement with LH III, in which Convexity chartered the Stars & Stripes yacht from LH III for the purpose of racing it in the July 2008 Mackinac Island races. Also on May 20, 2008, Wilson (the sole owner of Convexity) entered into an indemnification agreement with LH III and Liebel, wherein Wilson agreed to indemnify LH III and Liebel for all losses that resulted from Convexity's use of the yacht.

Convexity and Wilson contend that Liebel and LH III made or knew about modifications to the yacht that negatively affected the fitness of the yacht for the Mackinac Island races, yet Liebel and LH III represented to Convexity that the yacht "was tight, staunch and strong and fitted for racing in the July 2008 Mackinac Island races." (Doc. # 45, ¶ 21). Convexity relied on this representation.

On the second day of the Mackinac Island races, the yacht dismasted. As a result, the yacht could not complete the races for which it was chartered and was forced to withdraw from the competition. Thereafter, LH III filed suit against Convexity and Wilson for the damage to the yacht. (Doc. # 39). In response,

Convexity and Wilson asserted several counterclaims/cross-claims against LH III, including a claim for bailment (Count IV).

### III. **Motion to Dismiss**

In the instant motion, LH III moves to dismiss the bailment claim. Convexity and Wilson allege that when LH III supplied Convexity with the yacht, the yacht was in a defective condition. Additionally, Convexity and Wilson allege that LH III knew or should have known that Convexity would not realize the yacht's defective condition and that LH III failed to exercise reasonable care to inform Convexity of the yacht's defective condition.

LH III moves to dismiss this claim, arguing that Convexity and Wilson failed to properly assert a breach of bailment claim by failing to allege that Convexity and Wilson (as bailors) delivered property to LH III (as bailee). Convexity and Wilson respond that LH III misconstrued the bailment claim as a claim against LH III as bailee. However, Convexity and Wilson state that they are asserting a bailment claim against LH III as bailor, based on the breach of its duties as bailor when it failed to warn Convexity of the latent defective condition of the yacht. See Alvarez v. E & A Produce Corp., 708 So. 2d 997, 1000 (Fla. 3d DCA 1998)(noting that a bailor has a duty to warn the bailee of the latently defective condition of the item delivered to the bailee). Since LH III has misconstrued the bailment claim, its arguments for dismissal are moot.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that LH III's Motion to Dismiss (Doc. # 53) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

5